## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No._____-Civ (Judge's Last Name/Magistrate's Last Name)

TWJ 1101, LLC, a Florida
limited liability company,

    Plaintiff,

vs.

TUTOR PERINI CORPORATION, a
Massachusetts corporation.

    Defendant.
_____/

## COMPLAINT

TWJ 1101, LLC, a Florida limited liability company, sues Defendant, TUTOR PERINI CORPORATION, a Massachusetts corporation, and states:

### THE PARTIES, JURISDICTION AND VENUE

1. This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest and attorney's fees.

2. Plaintiff, TWJ 1101, LLC ("Plaintiff" or "TWJ" or "Owner"), is a Florida limited liability company, with its principal place of business at 100 S. Biscayne Blvd., Ste. 900, Miami, FL 33131, which is licensed to operate and conduct business in the State of Florida and which operates and conducts business in Miami-Dade County, Florida. Each of the members of TWJ is an individual, above the age of majority, that is a citizen of the State of Florida and resides in Miami Dade County, Florida.

3. Defendant, TUTOR PERINI CORPORATION ("Defendant" or "TPC"), is a publicly-traded corporate entity incorporated in State of Massachusetts, with its headquarters and principal place of business located at 15901 Olden Street, Sylmar, CA 91342, licensed to operate and conduct business in the State of Florida.

4. TPC is a public company traded on NASDAQ,

5. This court has personal jurisdiction over Defendant as Defendant is engaged in tortious conduct in Florida, and Defendant's conduct caused injury to Plaintiff.

6. This court has subject matter jurisdiction over Defendant pursuant to 28 U.S.C. §1332. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest and attorney's fees, and the requisite minimal diversity of citizenship exists because each of the individual members of TWJ are citizens of Florida and Defendant TPC is a citizen of California and Massachusetts.

7. Venue is proper in this jurisdiction under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Florida.

## GENERAL FACTUAL ALLEGATIONS

8. Plaintiff is the owner and developer of Panorama Tower located at 1101 Brickell Avenue, Miami, Florida 33130.

9. Tutor Perini Building Corp. ("TPBC") is a wholly owned subsidiary of TPC which is operated and controlled by TPC.

10. At all times material hereto, TPBC was the general contractor for the construction of Panorama Tower ("Panorama Project").

11. On or about June 9. 2014, TPBC entered into a written agreement with Plaintiff for TPBC to provide services as a general contractor ("Contractor") for the construction of the

Panorama Project (the "Agreement").  The Agreement consisted of a modified AIA Form A103, a modified AIA Form A201, and several exhibits, all of which are attached hereto as Composite Exhibit A.

12. In accordance with Section 12.1.10 of the Agreement:

> **All payments to Contractor shall be deemed for all purposes to be paid in trust** and shall be held by the Contractor for the benefit of both the Owner and the subcontractors, suppliers, or persons furnishing such labor, professional services, materials, machinery, fixture or tools. **Such monies shall neither be diverted nor used for any purposes other than to satisfy the claims of those for whom the trust is created** and shall be paid when due to the person or persons entitled thereto.  Any failure to do so is a breach of Contractor's fiduciary duty to both Owner and the subcontractors, suppliers, or persons furnishing such labor, services, materials, machinery, fixtures or tools.

Composite Exhibit A at Sec. 12.1.10 (AIA Document A103).

13. In addition, Section 12.1.8 of the Agreement provides in pertinent part that:

> … Contractor shall pay its Subcontractors for work performed within ten (10) days from the date Contractor receives payment from the Owner for the Work performed by the Subcontractor…

Composite Exhibit A at Sec. 12.1.8 (AIA Document A103).

14. Contractor, on numerous occasions, failed to pay Subcontractors within the ten (10) days from the date Contractor received payment from the Owner for the work.

15. Rather than holding the payments received from TWJ in trust for the benefit of both TWJ and TPBC's subcontractors, suppliers, or persons furnishing such labor, services and materials on the Panorama Project as was required under Section 12.1.10 of the Agreement, TPBC diverted these funds to TPC, its parent corporation, upon information and belief, so that the assets on its balance sheet would appear to be higher to its shareholders and investors and/or to use the funds for TPC or its affiliates or subsidiary entities because TPC had cash flow problems.

16. As a result, payments were not timely made by TPBC when they became due to subcontractors, laborers and material suppliers working on the Panorama Project.

17. Accordingly, TPBC breached its fiduciary duty to both TWJ and TPBC's subcontractors, laborers and material suppliers working on the Panorama Project.

18. After TPBC diverted payments to TPC, TPC failed to timely release the monies to TPBC.  As a result, TPBC did not timely pay its subcontractors, laborers, materialmen and suppliers and TWJ did not timely receive lien releases from TBPC's subcontractors, laborers materialmen and suppliers working on the Panorama Project and TWJ's construction lender did not timely release construction draws to TWJ.

19. Several subcontractors reduced personnel, threatened to walk off the job and otherwise caused delays on the project due to TPC's failure to timely release funds.

20. The Court and Jury need no more than the testimony of Andrew Colb, a CPA employed by TPBC from 2013 through December 2017, encompassing the entire time TPBC worked on the Panorama project. Andrew Colb served as the head of the Florida accounting department for TPBC. He testified:

> Q. Now, when you got paid by the owner, was that money deposited in a local account for Tutor1 Perini Building Corp. or was it deposited into the Tutor Perini Corp. account?
>
> A. My recollection was it was Tutor Perini Building Corp., but it was a sweep account. It's a zero balance account at the end of the day.
>
> Q. If it was a sweep account, was there any money left in that Tutor Perini Building Corp. account?
>
> A. Well, there is a zero balance…

See Depo. Transcript of Andrew Colb, AAA Case No., 01-18-0003-4790, Tutor Perini, Corporation v. TWJ 1101, LLC dated July 22, 2020 (hereinafter "Colb Transcript"); Page 20-21.

> Q. **When you say swept overnight, where was it swept to?**

> A. To the Tutor Perini corporate account.
>
> Q. What did Tutor Perini Corp. do with the money?
>
> A. I don't have any idea.

Colb Transcript pages 23-24.

> Q. Now, if Tutor Perini Building Corp. had a contract for construction in Florida and the owner was paying money to Tutor Perini Building Corp., why did Tutor Perini Building Corp. not have control of the funds on the project?
>
> A. I don't know. That was a corporate situation, internal controls. I don't have an exact answer. It is just the way it was.
>
> Q. So Tutor Perini Corp. managed the accounts and the money of Tutor Perini Building Corp., Florida, correct?
>
> A. Correct.
>
> Q. And Tutor Perini Building Corp. had no independent access to the funds, correct?
>
> A. That is correct.

Colb Transcript pages 37-38.

With respect to TPBS's access to use the funds Colb states:

> A. **Tutor Perini Corp. treasury would inform us when they were releasing funds and how much they were releasing. Until we got that kind of update from treasury, we would not know exactly when and what they were releasing for the --**
>
> Q. So Tutor Perini Corp. treasury took control of the funds?
>
> A. Correct.

Colb Transcript page 39. Colb also testified that although TPBC requested funds by TWJ, TPC refused to release funds to TPBC. Colb stated:

> A. … **corporate is not allocating us any money for subs or miscellaneous payables this week. As we discussed earlier, we were funded for Panorama on 3/3, so it is now 20 days since funding, and we would need 8,045,381 to pay all of the Panorama subs from January.**

Colb Transcript pages 52-53. TPC micromanaged TPBC's use of the Owner's funds as demonstrated below when discussing an email exchange between Colb and TPC's treasury departments.

5

> Q. And she wrote you an e-mail and put in red on March 23rd, "There will be no allocations for subcontractors or other payables this week," correct?
>
> A. Correct.
>
> Q. And then she wrote the allocation notice you are receiving today is for mandatory payables only. You see that?
>
> A. I do.
>
> Q. What does that mean?
>
> A. My recollection of the definition of "mandatory" was rent, utilities, things that basically if you didn't pay, they would stop the service. Garbage collection, those kind of things, utility payments.
>
> Q. Above that she wrote you -- I'm sorry, below that she wrote, "Continue to conserve cash and collect receivables through the last week of March." You see that?
>
> A. Yes, I do.
>
> **Q. Why were they telling you to conserve cash, do you know?**
>
> **A. To help with the corporate cash flow situation.**
>
> **Q. Meaning Tutor Perini Corp. was having cash flow issues?**
>
> **A. Correct.**

Colb Transcript pages 53-54.

21. As evidenced by the testimony of Andrew Colb, there was active and direct participation by TPC's representatives exercising some form of pervasive control over TWJ's payments for its own use by its affiliated entities.

22. As also evidenced by the testimony of Andrew Colb, there was an intermingling of funds of TPC and TPBC, who were engaged in a common enterprise, the Panorama Project, with substantial disregard of the nature of their separate corporate entities, or serious ambiguity about the manner and capacity in which these corporations and their respective representatives were acting.

23. Upon information and belief, TPC used the Owner's funds in an attempt to mislead its shareholders and prevent shareholders from becoming aware of its cash flow problems.

24. All conditions precedent to bringing this lawsuit have either occurred or have otherwise been waived.

25. Plaintiff has retained the undersigned counsel and has agreed to pay them a reasonable fee for bringing and prosecuting this lawsuit.

## COUNT I – CONVERSION

26. Plaintiff realleges and reincorporates the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. By requiring TPBC to divert the payments it received from TWJ for the subcontractors, laborers and material suppliers on the Panorama Project, TPC committed an unauthorized act that deprived both TWJ and TPBC's subcontractors, laborers and material suppliers working on the Panorama Project of their monies for an indefinite period of time.

28. Meanwhile, TPC wrongfully took dominion and control over TWJ's payments for its own use or use by its affiliated entities.

29. TWJ made written and verbal demands on TPBC to make payments to its subcontractors, laborers and material suppliers on the Panorama Project as required by the terms of the Agreement.

30. TPC failed to timely release monies to TPBC.

31. As a direct and proximate result of the wrongful conversion of its payments by TPC, TWJ has suffered damages.

WHEREFORE, Plaintiff, TWJ 1101, LLC, demands the entry of judgment against Defendant, TUTOR PERINI CORPORATION, for compensatory damages, plus prejudgment interest, and costs in an amount in excess of $75,000.00 and reserves the right to seek punitive damages and for such other and further relief as the Court deems just and proper.

## COUNT II – AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY

32. Plaintiff realleges and reincorporates the allegations contained in paragraphs 1 through 25 above as if fully set forth herein.

33. TPBC had a fiduciary duty pursuant to Section 12.1.10 of the Agreement to hold the payments from TWJ to TPBC in trust for the benefit of both TWJ and TPBC's subcontractors, laborers and material suppliers performing work on the Panorama Project and not to divert or use these payments for any other purpose other than to timely satisfy the claims of those for whom the trust was created.

34. TPBC breached its fiduciary duty to TWJ under the Agreement by diverting the payments received from TWJ to TPC.

35. TPC had actual knowledge that the payments were to be held in trust and provided substantial assistance and encouragement to TPBC to breach its fiduciary duty to TWJ by requiring TPBC to divert these payments received from TWJ to TPC.

36. As a direct and proximate result of TPC's substantial assistance and encouragement to TPBC by requiring TPBC to divert these payments received from TWJ to TPC, and TPC than failing to timely return the funds, TWJ has suffered damages.

WHEREFORE, Plaintiff, TWJ 1101, LLC, demands judgment against Defendant, TUTOR PERINI CORPORATION, for compensatory damages, plus prejudgment interest, and costs in an amount in excess of $75,000.00 and for such other and further relief as the Court deems just and proper.

## **COUNT III – TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP**

37. Plaintiff realleges and reincorporates the allegations contained in paragraphs 1 through 25 above as if fully set forth herein.

38. TPBC is a wholly owned subsidiary of TPC, which served as the general contractor for the construction of the Panorama Project.

39. As a wholly owned subsidiary of TPC, TPBC, as part of its financial reporting requirements, was required to report to TPC on the status of the construction of the Panorama Project along with the status of other construction projects.  Thus, TPC had knowledge of the contractual relationship between TPBC and TWJ.

40. TPC was directed by its parent corporation, who exercised dominion and control over TPBC's funds, to divert funds rather than holding the payments received from TWJ in trust for the benefit of both TWJ and TPBC's subcontractors, suppliers, or persons furnishing such labor, services and materials on the Panorama Project.

41. TPBC diverted these funds to TPC, its parent corporation, upon information and belief, so that the assets on its balance sheet would appear to be higher to its shareholders and investors and because TPC had cashflow problems.

42. By requiring TPBC to divert the payments it received from TWJ for the subcontractors, laborers and material suppliers on the Panorama Project, TPC committed an intentional and unjustified interference with TPBC's relationship with TWJ that deprived both TWJ and TPBC's subcontractors, laborers and material suppliers working on the Panorama Project of their monies.

43. Meanwhile, TPC wrongfully took dominion and control over TWJ's payments for its own use or use by its affiliated entities.

44. TWJ made written and verbal demands on TPBC to make payments to its subcontractors, laborers and material suppliers on the Panorama Project as required by the terms of the Agreement.

45. TPC failed to timely release these monies to TPBC as a result.

46. As a result of TPC's tortious interference with the relationship between TPBC and TWJ, TWJ has suffered damages.

WHEREFORE, Plaintiff, TWJ 1101, LLC, demands judgment against Defendant, TUTOR PERINI CORPORATION, for compensatory damages, plus prejudgment interest, and costs in an amount in excess of $75,000.00 and for such other and further relief as the Court deems just and proper.

## COUNT IV - FRAUDULENT INDUCEMENT

47. Plaintiff realleges and reincorporates the allegations contained in paragraphs 1 through 25 above as if fully set forth herein.

48. TPC made representations to TWJ that TPBC was a skilled and sophisticated licensed Florida General Contractor who possessed the requisite experience and expertise in the business administration, construction, construction management, and superintendence of projects of the size, complexity, and nature of this particular Project to be able to perform the Work with the care, skill and diligence necessary to timely complete the Project successfully and in the Owner's best interest.  Exhibit A ("AIA Document A103-2007-Standard Form Agreement Between Owner and Contractor") at Article 2.2.2.

49. In addition, Ron Tutor, President of TPC, had conversations with Tibor Hollo prior to TWJ entering into the contract with TPC during which he verbally made these same

representations and assurances to TWJ regarding TPBC's ability to timely complete the Project successfully and in the Owner's best interest.

50. At the time TPC made these representations to TWJ, TPC knew that these representations were false.

51. TPC made these representations to TWJ with the intent of inducing TWJ to enter into a contractual relationship with TPBC for the construction of the Panorama Project.

52. TWJ relied upon these representations and as a result was induced to enter into a contractual relationship with TPBC for the construction of the Panorama Project.

53. As a direct and proximate result of TWJ's reliance on these representations, TWJ has suffered damages.

WHEREFORE, Plaintiff, TWJ 1101, LLC, demands judgment against Defendant, TUTOR PERINI CORPORATION, for compensatory damages, plus prejudgment interest, and costs in an amount in excess of $75,000.00 and for such other and further relief as the Court deems just and proper.

## COUNT V - VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

54. Plaintiff realleges and reincorporates the allegations contained in paragraphs 1 through 25 above as if fully set forth herein.

55. This is an action brought by TWJ against TPC for a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") pursuant to Florida Statutes Section 501.201 et seq.

56. Unbeknownst to TWJ, TPC was directing TPBC to divert funds rather than holding the payments received from TWJ in trust for the benefit of both TWJ and TPBC's subcontractors, suppliers, or persons furnishing such labor, services and materials on the Panorama Project as

required under Section 12.1.10 of the Agreement, so that the assets on its balance sheet would appear to be higher to its shareholders and investors and/or because TPC had cash flow problems.

57. TPC wrongfully took dominion and control over TWJ's payments for its own use or use by its affiliated entities.

58. As a result of TPC's deceptive acts or unfair practices as more fully set forth hereinabove, TWJ deprived both TWJ and TPBC's subcontractors, laborers and material suppliers working on the Panorama Project of their monies.

59. TWJ made written and verbal demands on TPBC to make payments to its subcontractors, laborers and material suppliers on the Panorama Project as required by the terms of the Agreement.

60. TPC failed to timely release these monies to TPBC.

61. As a direct and proximate result of TPC's deceptive acts or unfair practices, TWJ has suffered actual damages.

WHEREFORE, Plaintiff, TWJ 1101, LLC, demands judgment against Defendant, TUTOR PERINI CORPORATION, for compensatory and actual damages, plus prejudgment interest, costs and attorneys' fees in an amount in excess of $75,000.00 and for such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, TWJ 1101, LLC, hereby demands a trial by jury on all issues so triable.

                               Respectfully Submitted By:

                               /s/ Gary S. Phillips
                               GARY S. PHILLIPS, ESQUIRE
                               Florida Bar No. 339814
                               Primary: gphillips@phillipslawyers.com
                               Secondary: ttrippe@phillipslawyers.com
                               JEFFREY B. SHALEK, ESQUIRE
                               Florida Bar No. 996221
                               Primary: jshalek@phillipslawyers.com
                               Secondary: tedwards@phillipslawyers.com
                               **PHILLIPS, CANTOR & SHALEK, P.A.**
                               4000 Hollywood Boulevard, Suite 500-N
                               Hollywood, Florida 33021
                               Telephone: (954) 966-1820 / Fax: (954) 414-9309
                               *Attorneys for Plaintiff TWJ 1101, LLC*